1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL and COLEEN HUBEL,

        Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,
et al.,

        Defendants.

2:10-CV-1476 JCM (LRL)

**ORDER**

      Presently before the court is defendants BAC Home Loans Servicing and Bank of America's motion to dismiss. (Doc. #5). The plaintiffs Michael and Coleen Hubel filed an opposition. (Doc. # 9). Defendants filed a reply in support of the motion to dismiss. (Doc. #10).

      Also before the court is defendants' motion for hearing on the motion to dismiss. (Doc. #12).

      Plaintiffs filed their complaint (doc. #9-1) in the Eighth Judicial District Court, Clark County, Nevada, on July 27, 2010, against the defendants. The case was subsequently removed to this court on August 31, 2010. (Doc. #1). Plaintiffs' complaint stems from an alleged failure of defendants to modify and/or enter into a forbearance agreement with the plaintiffs with regards to their loan on the subject property. The plaintiffs assert several causes of action against the defendants, including (1) unfair trade practices, (2) misrepresentation, (3) breach of contract, (4) preliminary injunction, (5) intentional interference with contractual relations, (6) negligence, and (7) promissory estoppel.

      Defendants bring the present motion to dismiss (doc. #5) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12 (b)(6). A motion to

**James C. Mahan**
**U.S. District Judge**

1   dismiss may be granted for lack of a cognizable legal theory or in the absence of sufficient facts

2   alleged under a cognizable legal theory. *Navarro v. Block,* 250 F.3d 792, 732 (9th Cir. 2001). In

3   order for a plaintiff to survive a 12(b)(6) motion, he must "provide the grounds for his entitlement

4   to relief [which] requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S.

5   544, 547 (2007).

6   **Unfair Trade Practices**

7        Plaintiffs assert a claim for unfair trade practices, yet fail to cite to a statute or rule to support

8   their assertion. Defendants surmised, and plaintiffs agreed, that they were asserting a claim for relief

9   under NRS 598.0923 of the Fair Debt Collection Act. However, this provision does not pertain to

10  real estate transactions, as the foreclosure cannot be said to be a "sale" or "lease" of goods or

11  services, which is a prerequisite to applicability. *Alexander v. Aurora Loan Services,* 2010 WL

12  2773796, at *2 (D. Nev. 2010). Thus, this claim must fail.

13  **Misrepresentation**

14       In the complaint, plaintiffs assert a claim for misrepresentation due to the defendants

15  allegedly making "representations that a loan modification and/or forbearance agreement has been

16  procured," and that "plaintiffs made other obligations to obtain said modification and/or

17  forbearance." However, the facts that plaintiffs assert do not support such a claim.

18       A claim for fraud or misrepresentation must be pled with particularity under Federal Rule

19  of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this

20  standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud,

21  plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp.*

22  *Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

23       Nowhere in the complaint do the plaintiffs assert that they were told that the foreclosure sale

24  had been postponed, or that the loan modification had been approved. They admit that they were

25  informed that they were in a "work out pending status," but that they never actually received any

26  Home Retention Program documents reflecting that they were in fact approved for loan modification.

27  Plaintiffs have failed to demonstrate to the court the time, place, or manner in which the defendants

28

**James C. Mahan**
**U.S. District Judge**

1  made any "misrepresentations" to them. No document has been pointed to that stated that they would

2  be eligible for loan modification. Thus, the claim for misrepresentation cannot succeed.

3  **Breach of Contract**

4  Plaintiffs assert that the defendants "created a contractual obligation on two separate

5  occasions with the [p]laintiff[s] by sending documentation to the [p]laintiff[s]." Specifically,

6  plaintiffs claim that an agreement was made for forbearance, and that the plaintiffs made payments

7  of two separate amounts, which were later rejected by the defendants. However, defendants assert

8  that not only were no payments received, but that the only recognizable contract that existed between

9  the parties was the loan.

10  With regards to the loan, the only party that breached was the plaintiffs. They admitted that

11  "they had fallen behind on the mortgage payments in question." When a party forecloses or begins

12  to foreclose on a loan "where such foreclosure is permissible by law and the terms of the loan

13  agreement do not deprive plaintiff of any benefits reasonably expected by the parties of the

14  loan,"there is no breach of contract on the part of the party foreclosing. *Sam v. Am. Home Mortgage*

15  *Serc.,* 2010 WL 761228, 6 (E.D. Cal. 2010). Further, as here, "when [plaintiffs] refinance[] a home

16  loan, [plaintiffs] expect[] foreclosure if they are unable to make their loan payments." *Id.*

17  Therefore, as no contract was breached by the defendants, the claim for breach of contract

18  cannot survive.

19  **Intentional Interference with Contractual Relationship**

20  Plaintiffs assert that defendants have offered to accept funds within a forbearance agreement,

21  yet failed to do so. They claim that this constitutes interference with a contractual relationship.

22  However, to claim interference with a contractual relationship, the plaintiffs must prove (1) there

23  existed a valid contract between plaintiffs and a third party, (2) defendant knew of the contract, (3)

24  defendant committed intentional acts intended or designated to disrupt the contractual relationship,

25  (4) there was an actual disruption of the contract, and (5) plaintiffs sustained damages as a result.

26  *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.,* 109 Nev. 1043, 1049, 862 P.2d 1207 (1993).

27  Here, plaintiffs have not alleged that there was any contract between them and a third party,

28

James C. Mahan
U.S. District Judge

- 3 -

1    or that defendants *knew* of such a contract. The only parties alleged to have entered into any

2    agreement are the defendants and the plaintiffs. Thus, the claim for contractual interference cannot

3    survive.

4    **Negligence**

5          The sixth cause of action asserts that the defendants created a duty with the plaintiffs "by

6    attempting to work out a modification and/or forbearance." To recover under a negligence theory,

7    the complainant must prove four elements: (1) that the defendant owed him a duty of care; (2) that

8    defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and

9    (4) that the complainant suffered damages. *Hammerstein v. Jean Dev. West*, 907 P.2d 975, 977 (Nev.

10    1995).

11          However, as "a general rule, a financial institution owes no duty of care to a borrower when

12    the institution's involvement in the loan transaction does not exceed the scope of its conventional

13    role as a mere lender of money." *Nymark v. Heart Fed. Say. & Loan Ass'n,* 231 Cal. App. 3d 1089,

14    1096, 283 Cal. Rptr. 53, 56 (1991). Therefore, without such a duty, the plaintiffs' claim for

15    negligence must fail.

16    **Promissory Estoppel**

17          Plaintiffs assert a claim for promissory estoppel by alleging that they "relied to their

18    detriment on the representations of the [d]efendant[s], that a modification and/or forbearance would

19    occur." A promise giving rise to the application of the doctrine of promissory estoppel must be "clear

20    and unambiguous" in its terms. *Miller Auto. Group, Inc. v. GMC,* 2000 U.S. App. LEXIS 8469 (9th

21    Cir.2000). In order for the court to recognize a promise, it must be definite enough so that the court

22    can "determine the scope of the duty, and the limits of performance must be sufficiently defined to

23    provide a rational basis for the assessment of damages." *Ladas v. California State Automobile Ass'n,*

24    19 Cal. App. 4th 761, 770 (1993). However, if the promise is "vague, general or of indeterminate

25    application," it is not enforceable. *Aguilar v. International Longshoremen's Union Local #10,* 966

26    F.2d 443, 446 (9th Cir. 1992).

27          Here, the plaintiffs have not demonstrated a clear and unambiguous promise upon which they

28

**James C. Mahan**
**U.S. District Judge**

1  relied. The defendants were not required to modify the plaintiffs' loan, and by the deed of trust, were

2  clearly able to foreclose for failure to make payments. Without showing a clear promise from which

3  the court can determine the scope and duties of the parties, the promissory estoppel claim must fail.

4  **Preliminary Injunction**

5         The Supreme Court has held that courts must consider the following factors in determining

6  whether to issue a preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of

7  immediate irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4)

8  advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

9         Based upon the court's determination that the claims herein fail, it cannot be said that the

10  plaintiffs have proven a "likelihood of success on the merits." Thus, the plaintiffs are not entitled

11  to a preliminary injunction.

12         Accordingly,

13         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants BAC Home

14  Loans Servicing  and Bank of America's motion to dismiss (doc. #5) be, and the same hereby is,

15  GRANTED.

16         IT IS FURTHER ORDERED that in light of the court's ruling on the motion to dismiss (doc.

17  #5), the defendants' motion for hearing on the motion to dismiss (doc. #12) be, and the same hereby

18  is, DENIED as moot.

19         DATED December 2, 2010.

20

21  _____

22  **UNITED STATES DISTRICT JUDGE**

23

24

25

26

27

28